[No. A022961. First Dist., Div. Four. June 5, 1984.]

In re KEITH T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
KEITH T., Defendant and Appellant.

**COUNSEL**

Robert Cramer and Cramer & Doyle for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Martin S. Kaye and Aileen Bunney, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PANELLI, J.—**

### Procedural History

A petition was filed in juvenile court alleging that the minor, Keith T., then 16 years old, came within the provisions of Welfare and Institutions Code section 602 in that he committed an assault with intent to commit rape (Pen. Code, § 220). Subsequently an amended petition was filed which added a charge of sexual battery (Pen. Code, § 243.4).

After a contested jurisdictional hearing the court sustained the petition as to the sexual battery only. The offense was declared to be a misdemeanor. The other charge was dismissed. The minor was adjudged to be a ward of the court and was placed on probation.

### Statement of Facts

On February 22, 1983, appellant approached Susan S., an 18-year-old playground supervisor, at Harding School in Richmond. Appellant asked her about the day care program. Ms. S. moved away from the two children with whom she was sitting on a bench and responded to appellant's question. Appellant told her his name and asked for her name. Ms. S. stated that she was "working right now and . . . best get back to the children." Appellant asked how he could "get to know [her] better." Ms. S. responded that she had a boyfriend and had "to get back to work now." Appellant then grabbed and held her by the shoulders, stating "don't go." He then put his arm on

her waist and grabbed her vigorously by the crotch for approximately three seconds. Ms. S. at this point demanded that appellant release her or she would slap him. Appellant responded "Why would you want to slap me?" Ms. S. then broke free from his grip and left the area.

*Discussion*

■ Appellant contends that the evidence presented at his jurisdictional hearing does not establish a violation of Penal Code section 243.4, sexual battery. We agree. The threshold issue to be determined is whether to commit a sexual battery as defined in section 243.4, it is necessary to prove that the perpetrator contacted the skin of an "intimate part of another person." We believe that such evidence is necessary and is totally lacking in the record before us.

Penal Code section 243.4 provides: "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, gratification, or abuse, is guilty of sexual battery. Such an act is punishable by either imprisonment in the county jail for not more than one year or in the state prison for two, three, or four years. [¶] As used in this section, 'intimate part' means the sexual organ, anus, groin, or buttocks of any person, and the breast of a female. Sexual battery does not include the crime of rape as defined in Sections 261 and 289. As used in this section, *'touches' means physical contact with the skin of another person.*" (Italics added.)

Physical means "pertaining to the body . . . ." (Dorland's Illustrated Medical Dict.) Contact means "a mutual touching of two bodies or persons . . . ." (Dorland's Illustrated Medical Dict.) The application of these definitions to the statutory definition of "touches" in section 243.4 leads to a reasonable, plain reading that actual direct contact with the skin of the intimate part of another person is essential to the commission of a sexual battery. It is difficult to conceive of plainer language. ■ Where the "statutory language is 'clear and unambiguous there is no need for construction and courts should not indulge in it.' " (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218 [188 Cal.Rptr. 115, 655 P.2d 317], citing *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].)

Moreover, in our view, the legislative intent supports this interpretation of section 243.4. The initial draft, introduced in the Assembly on February 22, 1982, did not define "touches" (Assem. Bill No. 2721 (1982 Reg. Sess.) § 1). The bill only defined "intimate part." On April 15, 1982, the

Assembly amended the bill by defining "touches." After this amendment, the definition remained unchanged as codified in section 243.4. If the term "touches" had not been specifically defined in section 243.4, it would then have had a general meaning. Under a general meaning, a person who touched the intimate part of another through clothing would violate this section. However, if this was the Legislature's intent it would not have specifically defined the term "touches." By defining the term to "mean physical contact with the *skin* of another person" it is obvious that the Legislature intended to give the term "touches" a restrictive rather than a general meaning. If this was not the legislative intent, the inclusion of the definition of "touches" would be meaningless and mere surplusage. ▆

As stated in *Watkins* v. *Real Estate Commissioner* (1960) 182 Cal.App.2d 397, 400 [6 Cal.Rptr. 191], "A cardinal rule of construction is that every word in the statute is presumably intended to have some meaning and that a construction making some words surplusage is to be avoided." (See also *People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580], and *People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].) ▆ ▆ ▆ ▆ ▆ Moreover, " '[i]f possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' " (*People* v. *Black, supra,* 32 Cal.3d at p. 5, citing *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)[1]

Respondent contends that if our interpretation is correct, then victims would have to be partially or completely naked in order to have a violation of section 243.4. Apparently this is exactly what the Legislature intended. This is in fact illustrated by a report prepared by the Senate Judiciary Committee which analyzed this section. To illustrate under what circumstances section 243.4 would apply, the report stated: "Factual situations giving rise to a charge of attempted rape could in some cases also be prosecuted as a sexual battery. For example, where the defendant had restrained the victim and stripped her clothes off, and was equally naked and groping the victim's sexual organ when he was stopped and arrested, it would seem he could be charged with either attempted rape or sexual battery . . . ." (Sen. Com. on Jud. Rep. on Assem. Bill No. 2721, p. 6.)

Accordingly, regardless of whether we may feel that section 243.4 is too restrictive in its reach, it appears clear to us that our interpretation of the section is what the Legislature intended.

---

[1] Unless it is shown that the natural and customary import of the statute's language is either "repugnant to the general purview of the act," or for some other compelling reason, should be disregarded, this court must give effect to the statute's "plain meaning." (*Tiernan* v. *Trustees of Cal. State University & Colleges, supra,* 33 Cal.3d at p. 219, citing 2A Sutherland, Statutory Construction (4th ed. 1973) § 46.01, p. 49.)

■ Looking, then, at the evidence in this case, we determine that the court erred in finding that appellant had violated section 243.4. At the jurisdictional hearing there was no evidence produced which established that appellant had touched the skin of an intimate part of Ms. S. All that the record reveals is that appellant grabbed the victim by the crotch for a brief period. While the statute enumerates the "groin" as an intimate part, clearly so is the "crotch." The victim, Ms. S., demonstrated to the trial court the manner in which she was grabbed. Unfortunately, however, the record does not contain a description of the demonstration. There was no testimony at all indicating whether the touching was through pants, a dress, or undergarments. *The record does not even disclose the manner in which the victim was dressed at the time of this incident.* What is clear, however, is that the skin of the victim's intimate part was *not* touched. During argument, counsel for appellant argued that since there was not a touching of the skin of the victim there could be no violation. The following colloquy took place between defense counsel and the court:

"Ms. LEVINE: So there's just no touching of the skin here.

"THE COURT: Right."

Under these facts, the appellant could not have been found to have violated section 243.4.

*We granted a rehearing for the purposes of remanding this matter to the juvenile court to make findings on the necessarily included offense of simple battery (Pen. Code, § 242).* ■ The juvenile court correctly determined that battery is a necessarily included offense to the offense with which the minor was charged, i.e., Penal Code section 243.4, sexual battery. A violation of section 242 would bring the minor within the provisions of Welfare and Institutions Code section 602.

This matter is remanded to the juvenile court for findings on the lesser included offense of battery and for other proceedings consistent with this opinion.

Poché, Acting P. J., and Haugner, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.