■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCOTT, Appellant
Memorandum: Defendant appeals his conviction of first degree sexual abuse of a nine-year-old girl on July 9, 1984. He claims that the court charged the jury with an ex post facto law by reading the second sentence of Penal Law § 130.00 (3) (eff July 27, 1984). Such claim is without merit. Sexual contact is defined in the first sentence of Penal Law § 130.00 (3) as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party." The 1984 amendment expressly states that contact may occur "directly or through clothing". However, this change merely "tends to codify the existing case law interpretation of the definition" (Donnino, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, 1986 Supp Pamph, Penal Law § 130.00, p 470; see, People v Ditta, 52 NY2d 657; People v Teicher, 52 NY2d 638, 646-647; see also, 2 CJI [NY] PL art 130 p 363) and does not change the meaning of the term "sexual contact".

Further, the court did not abuse its discretion in swearing the victim as a witness since its preliminary examination revealed that she clearly understood the nature of an oath (CPL 60.20 [2]; see, People v Parks, 41 NY2d 36, 46; People v Bockeno, 107 AD2d 1051, 1052). Finally, the police officer's testimony of the victim's conversation, while hearsay, was properly admitted as evidence of timely complaint by the alleged victim of a sexual crime (see, People v Gomez, 112 AD2d 445, 446; Richardson, Evidence § 292 [Prince 10th ed]). Defendant's Sandoval claim has been examined and found to be without merit. (Appeal from judgment of Monroe County Court, Celli, J.—sexual abuse, first degree.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.