■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN BOYKIN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's conduct in rubbing his covered penis against the covered buttocks of two males, 11 and 13 years old, constituted sexual contact as defined by Penal Law § 130.00 (3) (see, People v Darryl M., 123 Misc 2d 723; Matter of David M., 93 Misc 2d 545). Defendant's reliance upon People v Vicaretti (54 AD2d 236, 247-249) is misplaced. In Vicaretti, this court held that sexual abuse is not a lesser included offense of rape and that sexual intercourse by itself did not constitute the sexual contact required for a sexual abuse conviction (accord, People v Brown, 115 AD2d 550, lv denied 67 NY2d 881). There was no other contact in Vicaretti aside from the intercourse, and a proper reading of that case must be limited to that holding. Although dictum in Vicaretti suggested that Penal Law § 130.00 (3) should be strictly construed to limit "touching" to digital manipulation and manual handling and fondling, that motion was clearly dispelled in People v Teicher (52 NY2d 638) and People v Ditta (52 NY2d 657) and has not been followed by this court where contact other than intercourse was involved (see, People v Lewis, 112 AD2d 702, lv denied 66 NY2d 920, on reconsideration lv denied 68 NY2d 669).

The trial court did not err by instructing the jury that sexual contact could occur through clothing. Although section 130.00 (3) of the Penal Law was amended to so provide after

this crime occurred, the amendment merely codified existing case law and did not change the definition of sexual contact *(People v Scott,* 124 AD2d 974, *lv denied* 69 NY2d 717).

We find that imposition of consecutive terms of 1 to 3 and 2 to 6 years on the sexual abuse in the first degree counts was not an abuse of discretion and that the sentence was not unduly harsh or excessive. Defendant's remaining claim was not preserved for our review (CPL 470.05 [2]) and does not warrant reversal. (Appeal from judgment of Oneida County Court, Buckley, J.—sexual abuse, first degree, and other offenses.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.