## Commonwealth v. Humphreys

*Jack Heneks,* for Commonwealth.
*Dianne Zerega,* for appellant.

SOLOMON, *J.,* August 22, 2007—Following a trial by jury, the appellant, Terry Keith Humphreys, was found guilty of indecent assault, 18 Pa.C.S. §3126(a)(7), and corruption of minors, 18 Pa.C.S. §6301(a)(1). Thereafter, the appellant was sentenced and then filed an appeal from

the judgment of sentence to the Superior Court of Pennsylvania. This opinion is in support of the verdict of the jury.

## STATEMENT OF THE CASE

When M.S., the victim in this case, was 5 years old, she began to visit her grandparents every weekend. N.T., 3/7/07, at 19, 21-22. During these visits, she would also visit the home of her aunt and her husband, the appellant. *Id.* at 23.

One day, as her aunt slept, the victim was watching television. *Id.* at 31. The appellant sat beside her and put his hand down her pants and then under her shirt, touching her "private parts" and her "chest" underneath her clothes. *Id.* at 32-33. Putting his hand inside her underwear, he touched her vagina and moved his hand around. *Id.* at 35. He then put his hand under her shirt and felt her breast. *Id.* at 35-36.

After touching M.S., the appellant removed his pants and told her to touch his penis, which she did, and it became "hard." *Id.* at 37-38. When he was finished, he told her he would do it again if she told anyone. *Id.* at 36.

The same acts then occurred more than 20 times until M.S. was 10 years of age. *Id.* at 41. The appellant finally stopped these actions when, at age 10, M.S. told him she had told someone but, in reality, she had not told anyone. *Id.* at 41-42.

At the time of trial, M.S., who was born on August 7, 1993, was 13 years and 7 months of age. *Id.* at 17. The Commonwealth and the appellant stipulated that the appellant was over the age of 18. *Id.* at 63.

In his own defense, the appellant denied that any improper touching had ever occurred.

Upon this testimony, a jury of the appellant's peers found him guilty of indecent assault and corruption of a minor.

## DISCUSSION

In his concise statement, the appellant raises the following issues:

(1) That the verdict was against the weight and sufficiency of the evidence;

(2) That "the court erred in precluding the defense to introduce testimony from the alleged victim's brother"; and

(3) That "the court erred in allowing the testimony of the alleged victim, who was under 14 years of age at the time of trial, without making an inquiry into the competence of the witness under Rule 601 of the Pennsylvania Rules of Evidence."

Initially, the appellant asserts that the verdict was against the weight of the evidence. This issue has not been properly preserved for consideration since the appellant did not present it first to the trial court. Pa.R.Crim.P. 607(A), 42 Pa.C.S. ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentencing motion"). See also, *Commonwealth v. Butler,* 729 A.2d 1134, 1140 (Pa. Super. 1999), *appeal denied,* 560 Pa. 668, 742 A.2d 167 (1999). Here, the appellant first raises this claim on appeal. Therefore, since he did not comply with Rule 607, this claim is waived.

Also in his first issue, the appellant contends that the "verdict was against the . . . sufficiency of the evidence." With regard to insufficiency of evidence claims, we observe the following standard:

" '[A]n appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and determine whether on the record there is a sufficient basis to support the challenged conviction.' . . . The proper application of the sufficiency test requires us to evaluate the entire trial record and all evidence actually received in the aggregate and not as fragments isolated from the totality of the evidence. . . . This standard means that [the appellate court] must review the evidence in the light most favorable to the Commonwealth as the verdict winner, and drawing all proper inferences favorable to the Commonwealth, determine if the jury could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt. . . . Moreover, the jury, as the trier of fact, is free to believe all, some or none of the evidence presented . . . ." *Commonwealth v. Kasunic,* 423 Pa. Super. 112, 115-16, 620 A.2d 525, 527 (1993). (citations omitted)

Instantly, the trier of fact was free to believe all or part of the testimony of any witness, while disregarding the testimony which it deemed to be untruthful. Likewise, mere conflict of testimony does not render a verdict insufficient. *Commonwealth v. Evans,* 299 Pa. Super. 529, 445 A.2d 1255 (1982).

Since there were two guilty verdicts, we are unsure if the appellant is contending that the evidence was insufficient to sustain the guilty verdicts against him for both

indecent assault and corruption of minors. However, we will address both guilty verdicts.

With regard to the charge of indecent assault, the statute provides that "[a] person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if: (7) the complainant is less than 13 years of age." 18 Pa.C.S. §3126(a)(7). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S. §3101. This contact even encompasses touching through the clothing. *Commonwealth v. Ricco,* 437 Pa. Super. 629, 634, 650 A.2d 1084 (1994) (concluding that touching through the clothing may be considered "indecent contact" and rejecting a per se rule requiring "skin-to-skin" contact); *In the Interest of M.S., a Minor,* 10 D.&C.4th 282, 283 (1990) ("The ['indecent contact'] element of 'touching' can be established even though the private parts of the victim are touched over the clothing.").

Here, though, we have testimony presented by the victim that the appellant touched her breasts and her vagina, placing his hand underneath her shirt and inside her underwear. In addition, the appellant also had the victim touch his penis. These acts continued to take place between the time the victim was 5 years old and 10 years of age. Therefore, since the jury is free to believe this testimony, and viewing the facts in a light most favorable to the Commonwealth as the verdict winner, it is clear that the jury could have reasonably concluded that all of the elements of the crime of indecent assault were established beyond a reasonable doubt. Hence, the verdict should not be disturbed.

With regard to the issue of whether the evidence was sufficient to establish that the appellant had corrupted the morals of a minor, we utilize the standards set forth, *supra,* and look to the elements of the crime.

Corruption of minors is defined as "[w]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age . . . commits a misdemeanor of the first degree." 18 Pa.C.S. §6301(1). This charge encompasses any act, the consequence of which transcends any specific sex act. *Commonwealth v. Hitchcock,* 523 Pa. 248, 253, 565 A.2d 1159, 1162 (1989).

Viewing the evidence in a light most favorable to the Commonwealth as the verdict winner, the acts of the appellant, who was older than 18 years of age, in touching the breasts of the victim, a child of 10 years of age or less at the time, placing his hand inside her underwear and touching her vagina, as well as having her touch his penis, were clearly acts which would corrupt, or tend to corrupt, the morals of the victim, a minor. Therefore, it is clear from the testimony presented, and believed by the jury, that the evidence was sufficient for the jury to reasonably conclude that all of the elements of the crime of corruption of a minor had been proven beyond a reasonable doubt. Thus, this issue is without merit.

The next issue raised by the appellant is that the trial court erred in precluding the appellant from introducing testimony from the victim's brother. With regard to this issue, we are at a loss. The transcript of the trial reveals that after the Commonwealth had rested, the appellant took the stand in his own defense. *Id.* at 64. Upon the conclusion of his testimony, the appellant rested without offering, or calling, any other witness. *Id.* at 84. Nowhere

in the transcript is there any request or offer by the appellant to call any other witness. Hence, this issue lacks merit.

The last contention of the appellant is that the trial court erred in allowing the victim, who was under the age of 14 at the time of trial, to testify without making inquiry into her competence under Rule 601 of the Pennsylvania Rules of Evidence. Initially, we would note that when the victim, who was nearly 14 years of age, was called to testify, no question was raised as to her competency. *Id.* at 15-16. Additionally, no objection as to her competency was ever raised.

Under Rule 601, "[e]very person is competent to be a witness." However, a person can be incompetent to testify "if the court finds that because of a mental condition or immaturity the person:

"(1) is, or was, at any relevant time, incapable of perceiving accurately;

"(2) is unable to express himself or herself so as to be understood either directly or through an interpreter;

"(3) has an impaired memory; or

"(4) does not sufficiently understand the duty to tell the truth." Pa.R.E. 601.

Prior to Rule 601, it had been held that if the child is under the age of 14, there must be a judicial inquiry as to mental capacity. *Rosche v. McCoy,* 397 Pa. 615, 156 A.2d 307 (1959). However, since *Rosche,* new Rule 601 does not establish a minimum age for competency. Pa.R.E. 601. "A decision on the necessity of a competency hearing is addressed to the discretion of the trial court." *Commonwealth v. Delbridge,* 578 Pa. 641, 662, 855 A.2d 27, 39 (2003).

In her testimony, both on direct and cross, the victim was able to clearly and accurately recall the assaults made upon her by the appellant. Her testimony demonstrates that, at all relevant times, she was capable of perceiving accurately; able to express herself so as to be understood; did not have an impaired memory; and sufficiently understood the duty to tell the truth. Therefore, this issue is also without merit.

Wherefore, it is respectfully submitted that the appeal of the defendant lacks merit and should be denied.