J-S35022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: R.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.C., A MINOR | No. 2555 EDA 2014 |

Appeal from the Dispositional Order of May 13, 2014
In the Court of Common Pleas of Bucks County
Juvenile Division at No(s): CP-09-JV-0000090-2014

BEFORE: MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2015**

Appellant, R.C., appeals from an order of disposition entered on May 13, 2014 in the Juvenile Division of the Court of Common Pleas of Bucks County. We affirm.

The Commonwealth charged Appellant with indecent assault[1] and harassment[2] following a school bus encounter that occurred between Appellant and a juvenile female high school student (Victim) on January 15, 2014. The case proceeded to an adversary hearing on March 21, 2014, after which the trial court adjudicated Appellant delinquent on both charges. Following a dispositional hearing on May 13, 2014, the court committed Appellant to the George Junior Diagnostic Unit. On May 21, 2014, Appellant filed a motion to modify and reconsider disposition, which the court denied

_____

[1] 18 Pa.C.S.A. § 3126(a)(1).

[2] 18 Pa.C.S.A. § 2709(a)(4).

*Retired Senior Judge assigned to the Superior Court.

after a hearing on July 28, 2014. Appellant filed a notice of appeal on August 22, 2014. Thereafter, on September 15, 2014 and pursuant to order of court, Appellant filed his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued its Rule 1925 opinion on October 2, 2014.

Appellant raises two questions for our review:

Was the evidence sufficient to adjudicate [Appellant] delinquent of indecent assault?

Was the evidence sufficient to adjudicate [Appellant] delinquent of harassment?

Appellant's Brief at 4 (complete capitalization omitted).

We review Appellant's sufficiency challenges under a familiar standard of review:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.

In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's

innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re M.J.H.*, 988 A.2d 694, 696-697 (Pa. Super. 2010).

Appellant's first issue raises a two-part challenge to the sufficiency of the Commonwealth's evidence supporting his adjudication for indecent assault. First, Appellant claims that, "[t]here was no evidence presented that Appellant's hand[,] or any other body part, touched an 'intimate area.'" Appellant's Brief at 9. Next, Appellant asserts that there was no evidence showing that his actions were taken for purposes of sexual gratification. These claims fail.

The Crimes Code defines the offense of indecent assault as follows:

**§ 3126. Indecent assault**

(a) Offense defined.—A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:

   (1) the person does so without the complainant's consent.

18 Pa.C.S.A. § 3126(a)(1). Section 3101 defines indecent contact as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101.

The separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim.

- 3 -

Due to the nature of the offenses sought to be proscribed by the indecent assault statute, and the range of conduct proscribed, the statutory language does not and could not specify each prohibited act.

*Commonwealth v. Provenzano*, 50 A.3d 148, 153 (Pa. Super. 2012).

In adjudicating Appellant delinquent on the charge of indecent assault, the trial court made the following findings of fact, which find ample support in the record:

In the instant matter, [Victim,] a juvenile female high school student[,] was repeatedly confronted by [Appellant], a male high school student in the same school while both were passengers on the school bus. [Appellant] followed [Victim] from seat to seat and with [Victim] sitting next to the window and [Appellant] on the aisle seat, [Appellant] solicited oral sex from [her]. When she refused, [Appellant] proceeded to place his right hand up [Victim's] shirt moving towards her breasts. She forcefully removed his hand and told him that she would punch him in the face if he tried that again. He then put both of his hands up her shirt and [attempted to push] his hands under her bra. She again forcefully removed his hands and told [Appellant] not to touch her. [Appellant] continued and this time put his left hand on her thigh and again she removed his hand and [] told him not to touch her. [Appellant persisted, placing his hand once again on Victim's thigh and sliding it higher on her leg in an effort to touch her intimate area. Victim] wrenched [Appellant's] hand away and immediately exited the bus.

Trial Court Opinion, 10/2/14, at 4.

Viewing this evidence in the light most favorable to the prosecution, we have little difficulty in concluding that the Commonwealth proved all of the requisite elements of indecent assault, including unwelcomed contact made for purposes of sexual gratification, beyond a reasonable doubt. *See e.g. Commonwealth v. Ricco*, 650 A.2d 1084, 1086 (Pa. Super. 1994)

(Commonwealth need not establish "skin to skin" contact to sustain conviction for indecent assault). Appellant's initial claim merits no relief.

In his second claim, Appellant maintains that the evidence introduced by the Commonwealth was insufficient to prove harassment beyond a reasonable doubt. Specifically, Appellant maintains that while Victim testified as to Appellant's conduct, there was no testimony regarding "words, language, drawings, or caricatures" and, hence, no proof of communication proscribed under the harassments statute. Appellant's Brief at 10.

This claim is waived. Appellant's September 15, 2014 concise statement alleged that, "[t]he evidence was insufficient to adjudicate [Appellant] delinquent of harassment in that there was no evidence that Appellant acted with the intent to harass, annoy, or alarm [Victim]." Concise Statement, 9/15/14, at 2. Since Appellant's concise statement alleged lack of intent, not the Commonwealth's failure to prove a prohibited communication, he has waived appellate review of his second claim.[3] ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998) (failure to include claims

---

[3] The statute under which Appellant was convicted states as follows: "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: ... (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]" 18 Pa.C.S.A. § 2709(a)(4). Under the statute, the actor's intent is clearly a distinct issue from the nature of his alleged communications.

in court-ordered Rule 1925(b) statement results in waiver of claims on appeal).

Order of disposition affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2015