J-S14032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH B. WOOD | : | |
| | : | |
| Appellant | : | No. 2397 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005920-2021

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED AUGUST 12, 2025**

Appellant, Joseph Wood, appeals from the judgement of sentence entered in the Philadelphia Court of Common Pleas on August 16, 2023. After a careful review, we affirm in part and reverse in part Appellant's convictions, vacate Appellant's judgment of sentence, and remand the matter for resentencing.

The relevant facts and procedural history are as follows: Appellant was charged with Unlawful Contact with a Minor, Endangering the Welfare of Children, Indecent Assault on Person less than 13 Years of Age, and Corruption

_____

[*] Former Justice specially assigned to the Superior Court.

of Minors following an incident with the minor victim, N.A., on February 21, 2021.[1] A bench trial was held on April 20, 2023.

> The victim, "N.A." (D.O.B. 3/9/2010) testified she knew Appellant as "Joey" who was her old babysitter. Notes of Testimony (hereinafter "N.T."), 4/20/23 at 19. On the evening of February 21, 2021, N.A. was in her brother's room watching television. She fell asleep on the lower bunk bed and stated: "I woke up to something touching me." *Id.* at 22. Appellant was touching N.A. with a rubbing motion in her crotch area, "near (her) private part." *Id.* at 24. N.A. got up from the bed and said: "What are you doing?" but Appellant did not respond. N.A. went to her own room and sent the following text message to her mother: "Joey has to leave he touched me" *Id.* at 26 and *See* Exhibit A - Copy of Text Message (C2). N.A. was subsequently interviewed by the Philadelphia Police Department.
>
> [S.R.], the mother of N.A., resided at the home with her children and an adult girlfriend. *Id.* at 36-37. [S.R.] received N.A.'s text message around 5:00am and contacted the girlfriend at the house to speak with her daughter on FaceTime to discuss the situation. Via FaceTime, N.A. demonstrated to her mother how Appellant "touched her on the outside of her shorts." *Id.* at 37. When [S.R.] returned home, Appellant attempted to explain, but she refused to listen to him. *Id.* at 38. [S.R.] contacted the police and Appellant was arrested.

Tr. Ct. Op. at 2-3.

At the conclusion of the trial, Appellant was found guilty of all charges. The Court sentenced Appellant on August 16, 2023, to 11.5 to 23 months of incarceration and five years of reporting probation. Appellant filed a timely notice of appeal on September 15, 2023, and was ordered to file a Rule

_____

[1] 18 Pa.C.S.A. § 6318(a)(1), 18 Pa.C.S.A. §4304(a)(1), 18 Pa.C.S.A. § 3126(a)(7), 18 Pa.C.S.A. § 6301(a)(1)(i).

1925(b) statement on September 19, 2023. He complied on October 10, 2023.

This appeal followed.

> Appellant raises the following issues for our review:
>
> 1. Whether the evidence presented by the Commonwealth at trial was insufficient as a matter of law to sustain Defendant's convictions for Unlawful Contact with a Minor, Endangering Welfare of Children, Indecent Assault (Person Less than 13 Years of Age), and Corruption of Minors?
>
> 2. Specifically, whether the testimony of the complainant regarding Appellant's actions on February 24, 2021, regarding a single, momentary touch, made on the top of the clothing covering complainant's private area, by a person the complainant believed to be Appellant, was insufficient as a matter of law to sustain a verdict of guilty as to any of the charges?
>
> 3. Accordingly, whether this Honorable Court erred in not entering a verdict of not guilty as to each and every charge at the conclusion of the trial?

Appellant's Br. at 10.

Our standard of review for a challenge to the sufficiency of the evidence

is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa. Super. 2019). The finder of fact is permitted to believe all, part, or none of the evidence presented at trial. *Commonwealth v. Smith*, 146 A.3d 257, 262 (Pa. Super. 2016).

Appellant challenges the sufficiency of the evidence for his conviction of unlawful contact with a minor against N.A. Specifically, he argues that the Commonwealth failed to establish that he attempted to communicate with the victim. Appellant's Br. at 18.

A person is guilty of unlawful contact with a minor if he "is intentionally in contact with a minor . . . for the purpose of engaging in any activity prohibited under [Chapter 31 of the Crimes Code (relating to sexual offenses)], and either the person initiating the contact or the person being contacted is within this Commonwealth." 18 Pa.C.S.A. § 6318(a)(1).

The statute defines "contact" as:

Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the

mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S.A. § 6318(c). As such, "[e]ven though the statute is titled 'unlawful contact with a minor,' it is best understood as 'unlawful communication with a minor.'" ***Commonwealth v. Rose***, 960 A.2d 149, 152 (Pa. Super. 2008) (emphasis omitted). Any communication, verbal or non-verbal, suffices so long as it is "designed to induce or otherwise further the sexual exploitation of children." ***Commonwealth v. Strunk***, 325 A.3d 530, 543 (Pa. 2024).

The Commonwealth and trial court both concede that there was insufficient evidence to convict Appellant of unlawful contact with a minor against N.A. Appellee's Br. at 12; Tr. Ct. Op. at 5. Here, the alleged contact was Appellant rubbing N.A. in the crotch area. Importantly, N.A. testified that this occurred while she was sleeping and caused her to wake up. ***See*** N.T., 4/20/23, at 22. Under ***Strunk***, this physical act while N.A. was asleep was not communicative, and she testified that he never said anything to her during the incident. ***Id.*** at 24. We appreciate the Commonwealth's and trial court's candor and agree that there was insufficient evidence to convict Appellant of unlawful contact with a minor against N.A. Therefore, we reverse his conviction of unlawful contact with a minor.

Appellant next challenges the sufficiency of the evidence as to his conviction for Endangering Welfare of Children (EWOC). Specifically, Appellant claims that there was no testimony from any Commonwealth witness that

Appellant was a "parent, guardian or other person supervising" the child. Appellant's Br. at 19. Appellant argues that because N.A. testified that Appellant was her "old babysitter," not *current* babysitter, the Commonwealth failed to establish the element that he was her guardian or supervisor with a duty of care. *Id*.

> The crimes code defined EWOC as follows:
>
> A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S.A. § 4304(a)(1). EWOC "is a specific intent offense which was enacted in broad terms to safeguard the welfare and security of children." *Commonwealth v. Fewell*, 654 A.2d 1109, 1117 (Pa. Super. 1995) (citation omitted). To be convicted under this statute, the Commonwealth must prove a "knowing violation of a duty of care." *Id.* (quoting *Commonwealth v. Cardwell*, 515 A.2d 311, 313 (Pa. Super. 1986)).

> Moreover, this Court has employed a three-prong standard to determine whether the Commonwealth has met its burden of establishing the intent element of the EWOC offense. ... [T]o support a conviction under the EWOC statute, the Commonwealth must establish each of the following elements: (1) the accused is aware of his/her duty to protect the child; (2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

***Commonwealth v. Wallace***, 817 A.2d 485, 490-91 (Pa. Super. 2002) (citations and internal quotation marks omitted). Section 4304 is to be given meaning by reference to the common sense of the community and the broad protective purposes for which it was enacted. ***Commonwealth v. Taylor***, 471 A.2d 1228, 1231 (Pa. Super. 1984).

Appellant's argument is baseless. The victim testified at trial that she knew Appellant as "Joey" and that he was her "old babysitter," meaning he was her former babysitter at the time she gave her testimony. Appellant would have us take her testimony to mean that at the time of the incident, she knew him as her former babysitter, *i.e.*, that Appellant was not actively N.A.'s babysitter on the night of the incident. This is belied by the record. The victim's mother, S.R., testified that Appellant was an overnight babysitter for N.A. on the night of the incident. N.T., 4/20/23, at 38-39. Appellant babysat S.R.'s girlfriend's children and was recommended as a babysitter to S.R. by her girlfriend, ***Id.*** at 39, so he knew that he had the role of babysitter. A babysitter is a "guardian or other person supervising the welfare of a child." 18 Pa.C.S.A. § 4304(a)(1); ***Commonwealth v. Gerstner***, 656 A.2d 108, 113 (Pa. 1995). Appellant was responsible for babysitting N.A. four days per week while her mother was at work, and S.R. was at work at the time of the incident. N.T., 4/20/23, at 39. Thus, Appellant was aware of his duty to protect the child at that time but instead created the circumstances that threatened her welfare. Accordingly, Appellant's claim fails.

Appellant next challenges the sufficiency of the evidence supporting his conviction for indecent assault. Specifically, he argues that because the victim's testimony indicated he only touched her one time and over her clothing, he did not offend her morality. He also alleges that the Commonwealth did not establish that the touching was for the purpose of arousing sexual desire in himself or the victim. Appellant's Br. at 20.

A person commits the offense of indecent assault if he

has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and[] . . . the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3126(a)(7). Indecent contact is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. The "touching" is not required to involve skin-to-skin contact; it is enough to prove touching through a layer of clothing. **Commonwealth v. Ricco**, 650 A.2d 1084, 1086 (Pa. Super. 1994). Here, the testimony presented at trial proved that Appellant touched the victim's vaginal area through a layer of clothing.

The element that the touching was done for the purpose of arousing or gratifying sexual desire can be proven by circumstantial evidence. **See, e.g., Commonwealth Capo**, 727 A.2d 1126, 1127-28 (Pa. Super. 1999) (holding that there was sufficient evidence of a purpose of arousing or gratifying sexual desire in any person where the defendant, after sketching the victim, grabbed

the victim's arm, touched her, and tried to kiss her; concluding that "***the gropings and pawings forcibly imposed on the victim are not consistent with artistic interest or friendship, but speak eloquently of a failed attempt to gratify sexual desire more directly***") (emphasis added).

In a light most favorable to the Commonwealth as verdict winner, we find it to be a reasonable inference that Appellant touching N.A.'s vaginal area while she slept was done for his own sexual gratification. Accordingly, the evidence was sufficient to sustain Appellant's indecent assault conviction.

Finally, Appellant challenges the sufficiency of the evidence as to his corruption of minors conviction. Specifically, Appellant repeats his argument that because the victim's testimony indicated he only touched her one time and over her clothing, he did not offend her morality. He again claims that the Commonwealth did not establish that the touching was for the purpose of arousing sexual desire in himself or the victim. Appellant's Br. at 21.

Pennsylvania defines the offense of corruption of minors as follows:

whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime . . . commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).

This Court has expounded on the definition of the corruption of minors, holding, "[actions that] would offend the common sense of the community

and the sense of decency, propriety and morality, which most people entertain," are those which shall be considered corrupting a minor. ***Commonwealth v. Pankraz***, 554 A.2d 974, 977 (Pa. Super. 1989), quoting ***Commonwealth v. Randall***, 133 A.2d 276 (Pa. Super. 1957). Appellant's claim fails for largely the same reasons as were discussed in the previous analysis. The evidence was sufficient to prove that Appellant's touching of the vaginal area of N.A.'s shorts while she slept was done for his own sexual gratification, and sexually touching an unconscious person is an act which offends the common sense of decency.

We agree with the trial court that "Appellant's sexually assaultive and emotionally devastating behavior is clearly an act which 'tends to corrupt the morals of any minor[.']" Tr. Ct. Op. at 7. Further, there is no requirement that the Commonwealth prove Appellant actually corrupted the morals of the victim; the act need merely *tend* to corrupt. 18 Pa.C.S.A. § 6301. N.A.'s stated discomfort with—and distinct understanding of the impropriety of—the situation, is more than circumstantial evidence that the conduct of which Appellant was convicted is of the nature to corrupt a minor. N.T., 4/20/23, at 27. We find the evidence sufficient to sustain his conviction.

In conclusion, we reverse Appellant's conviction for unlawful contact with a minor but affirm his remaining convictions. We vacate Appellant's judgment of sentence in its entirety and remand for resentencing as our disposition disrupts the trial court's sentencing scheme. ***See Commonwealth***

*v. Goldhammer*, 517 A.2d 1280, 1283 (Pa. 1986) (stating that where an appellate court upsets the trial court's overall sentencing scheme by vacating a conviction in a multiple-count appeal, the appellate court must remand for re-sentencing because sentencing lies within the sole discretion of the trial court); Tr. Ct. Op. at 5.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/12/2025</u>