J-A20023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KEVORK M. ARTINIAN | : | |
| Appellant | : | No. 723 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003004-2021

BEFORE: MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 1, 2025**

Kevork M. Artinian appeals from the judgment of sentence entered following his convictions for institutional sexual assault, indecent assault of a person less than 13 years of age, and corruption of minors.[1] Artinian challenges the sufficiency and weight of the evidence. We affirm.

The trial court aptly summarized the evidence at Artinian's jury trial as follows:

> At trial, two minor children, A.S. and L.C., testified against [Artinian] stating that [Artinian] had touched them inappropriately over their clothing in a classroom setting on or about December 3, 2019.
>
> A.S. testified that she had known [Artinian] since second grade and that in third grade, at the end of a school day,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3124.2(a.2)(1), 3126(a)(7), and 6301(a)(1)(ii), respectively.

[Artinian] asked her about another student who had left the school, made her sit between his legs and that she could feel his genitals through his clothes, touched her waist and buttocks, and gave her candy before having her sit down between his legs. *N.T. August 15, 2023, p. 33 ln. 9 - p. 42 ln 20.* L.C. testified that [Artinian] was her technology teacher in fourth and fifth grade, that "something uncomfortable" happened more than once between her and [Artinian], namely that she went up to his desk to ask for help with an assignment and, while asking for that help, [Artinian] touched her buttocks. L.C. also testified that a boy named [M.], who is A.S.'s older brother, saw [Artinian] touch her buttocks, told her to speak-up about it, and reported the incident to Mr. Berretta, the school principal. *N.T. August 15, 2023, p. 76 ln. 19 - p. 86 ln. 12.*

[Carolina Castaño of Philadelphia Children's Alliance ("PCA")] testified that she interviewed A.S. and that a coworker named L[e]slie Santos interviewed L.C., although Leslie Santos "had moved on" from PCA prior to the time of trial, that both interviews were recorded and observed by investigators in the room next door, and that both A.S. and L.C. made abuse disclosures during their interviews. *N.T. August 15, 2023, p. 123 ln. 15 - p. 131 ln. 21.* [Teacher Corrie Shields] testified that A.S. told her about the incident with [Artinian] and testified that A.S. "was anxious, with a sense of urgency" and "was very adamant that she interrupted what was happening to talk to me". *N.T. August 16, 2023, p. 19 ln. 25 - p. 26 ln. 15.* Various segments of the PCA video were played over the course of trial. [Artinian], after being colloquied, decided not to testify. *N.T. August 16, 203, p. 34 ln. 23 - p. 38 ln. 10.*

Pa.R.A.P. 1925(a) Opinion, filed 7/18/24, at 2-4. At the time of the incidents, A.S. was eight years old, and L.C. was nine or 10 years old. N.T. 8/15/23, 96, 100.

The jury returned guilty verdicts for the referenced crimes as to A.S. It was unable to reach a verdict as to L.C. The trial court sentenced Artinian in all to three to six months' incarceration followed by three years' reporting

probation. Artinian filed a post-sentence motion challenging his sentence and the weight of the evidence. The trial court denied the motion. This timely appeal followed.

Artinian raises the following questions:

1. The crimes of indecent assault and institutional sexual assault require as an element that [Artinian] engaged in "indecent contact." Did the trial court err by finding that there was sufficient evidence to support a jury finding that Mr. Artinian did so?

2. The particular subsection of the crime of corruption of minors at issue requires an underlying violation of some other sexual-offense statute. The only such crimes at issue require "indecent contact." Did the trial court err by finding the evidence sufficient on that element?

3. Was the jury's finding of "indecent contact" against the weight of the evidence on all charges?

Artinian's Br. at 4 (suggested answers and answers of trial court omitted).

## SUFFICIENCY OF THE EVIDENCE

We address together Artinian's first and second claims, which challenge the sufficiency of the evidence. Our standard when reviewing the sufficiency of the evidence is settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of

> fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.... Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Person*, 325 A.3d 823, 830 (Pa.Super. 2024) (cleaned up).

Artinian argues that for indecent assault and institutional sexual assault, the Commonwealth failed to show sufficient evidence of the element of indecent contact. He alleges that there was no evidence that the touching in this case was for the purpose of arousing or gratifying sexual desire in any person. Artinian notes that the Model Penal Code's comment on sexual assault distinguishes "a purposeful invasion of one's personal dignity" from "casual expressions of affection." Artinian's Br. at 21. He maintains that the conduct here, the victim sitting on Artinian's lap, "occurs outside of sexual or intimate situations" and can be considered a "friendly gesture[.]" *Id.* at 21, 22. He further points out that the victim did not testify about feeling an erection or other sexual movement from Artinian. He argues that for the instant conduct to be considered as an act done for a sexual purpose, additional evidence is needed.

Artinian maintains that because his convictions for institutional sexual assault and indecent assault fail, so does his conviction for corruption of minors. He argues that this is so because corruption of minors requires a

predicate finding of a violation of Chapter 31 of the Crimes Code, which covers sex crimes. *See* 18 Pa.C.S.A. § 6301(a)(1)(ii).

The crime of institutional sexual assault occurs when "a person who is a volunteer or an employee of a school or any other person who has direct contact with a student at a school . . . engages in sexual intercourse, deviate sexual intercourse or indecent contact with a student of the school." 18 Pa.C.S.A. § 3124.2(a.2)(1).

The offense of indecent assault is defined as follows:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3126(a)(7).

Both crimes require proof of "indecent contact." For purposes of these crimes, "indecent contact" involves "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

Here, the trial court concluded that the evidence sufficed to prove that Artinian touched A.S. "for the purpose of arousing or gratifying sexual desire, in any person." It cited A.C.'s testimony that he "touched her buttocks and made her sit between his legs in such a manner where she could feel his genitals." 1925(a) Op. at 8.

Viewing the evidence in the light most favorable to the Commonwealth, as it prevailed at trial, we agree with the trial court that the evidence sufficiently established the element of indecent conduct. The jury reasonably inferred from the victim's testimony that Artinian touched her buttocks and positioned her between his legs against his genitals "for the purpose of arousing or gratifying sexual desire." 18 Pa.C.S.A. § 3101.

Artinian's argument that his convictions fail due to the absence of testimony from A.S. that Artinian's penis was erect is utterly meritless. **See** Artinian's Br. at 22-23. While such evidence would surely be relevant, it is not required. Similarly lacking in merit is Artinian's contention that the evidence was susceptible to an innocent explanation. **See id.** at 21-22. Contrary to Artinian's claims, an appellate court conducting sufficiency review examines the total record in the light most favorable to the Commonwealth. When we do so here, we find the evidence sufficient. **See Person**, 325 A.3d at 830; **Commonwealth v. Ricco**, 650 A.2d 1084, 1085-87 (Pa.Super. 1994) (finding sufficient evidence of indecent assault where defendant placed victim's hand on his genital area while wearing underwear).

Having determined that the Commonwealth sufficiently established the element of indecent contact, Artinian's challenge to his corruption of minors conviction is also meritless. Viewing the evidence in the light most favorable to the Commonwealth, the evidence sufficiently showed that Artinian committed two sexual offenses under Chapter 31.

Artinian's final issue challenges the weight of the evidence. He asserts that "[f]or essentially the same reasons as we argued in the previous sections of this brief, the jury's conviction of Mr. Artinian was against the weight of the evidence." Artinian's Br. at 27. He claims the evidence was "so minimal as to render the jury's contrary verdict against the weight of the evidence." *Id.* He asserts that the verdict "was the product of, at most, speculation or conjecture" about his motives. *Id.* at 28. He also argues that "the absence of any non-speculative evidence" showing he touched the victim "for the purpose of arousing or gratifying sexual desire . . . justifies a new trial." *Id.*

We review a challenge to the weight of the evidence for an abuse of discretion. *See Commonwealth v. Rogers*, 259 A.3d 539, 541 (Pa.Super. 2021). The jury is free to believe all, part, or none of the evidence, and the court should only grant a new trial where "the verdict is so contrary to the evidence that it shocks one's sense of justice." *Commonwealth v. Tejada*, 107 A.3d 788, 795-96 (Pa.Super. 2015) (citation omitted).

Here, as the trial court pointed out, "the jury heard that [Artinian] touched the buttocks of A.S., made her sit between his legs in such a manner where she could feel his genitals, and told her to 'come closer.'" 1925(a) Op. at 12. It was within the purview of the jury to determine whether Artinian's actions were for the purpose of sexual gratification or arousal based on the evidence presented. We discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/1/2025