[No. F004237. Fifth Dist. Nov. 12, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ALVIN DUKE, Defendant and Appellant.

COUNSEL

Roderick P. Bushnell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Edmund D. McMurray, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**FRANSON, Acting P. J.**—Appellant was convicted after a jury trial of the following crimes based on separate assaults on three women: three simple assaults as lesser included offenses of assault with intent to commit rape (Pen. Code, § 220), felony assault by force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)), three felony attempted sexual batteries (Pen. Code, §§ 664, 243.4) and two burglaries (Pen. Code, § 459). The burglaries were dependent upon the convictions of one attempted sexual battery and the assault by force likely to produce great bodily injury. Appellant was acquitted of the charges of assault with intent to commit rape.

Appellant was sentenced to a four-year prison term for residential burglary and a one-year consecutive term for one attempted sexual battery. Sentence on the other offenses were concurrent or stayed for a total term of five years.

Because we reverse appellant's convictions of attempted sexual battery and assault by means of force likely to produce great bodily injury, the burglary convictions also fall. We remand the case to the trial court for resentencing of appellant on the misdemeanor assaults.

The facts need only be briefly stated. On July 19, 1983, appellant assaulted Susan V. as she sat in her car near the Visalia post office. He reached into the car and grabbed her thigh near her crotch area but did not touch her skin. His touch lasted "just a second." On November 30, 1983, appellant entered an unoccupied office that was being inspected by Jeri R., a bank employee. He grabbed Jeri around the neck and touched her breasts through her sweater. She screamed, got loose and ran away. On December 9, 1983, appellant pushed his way into Erica M.'s home and grabbed her by the wrists, felt her chest, abdomen and groin area without touching her skin or taking off any of her clothes. After touching Erica's groin area, "he just kind of let go and started running out of the house."

### DISCUSSION

I *The evidence is insufficient to support the conviction of attempted sexual battery.*

A sexual battery as defined in Penal Code section 243.4[1] requires more than a sexually motivated nonconsensual grabbing or touching of another person's intimate parts through his or her clothing. The statute requires that the grabbing or touching involve "physical contact with the skin of [the other] person." This has been interpreted to mean an actual direct contact with the skin of the intimate part of the victim. (*In re Keith* (1984)

---

[1]Penal Code section 243.4 provides in pertinent part: "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, gratification, or abuse, is guilty of sexual battery. . . .

"As used in this section, 'intimate part' means the sexual organ, anus, groin, or buttocks of any person, and the breast of a female. Sexual battery does not include the crime of rape as defined in Sections 261 and 289. *As used in this section, 'touches' means physical contact with the skin of another person.*" (Italics added.)

156 Cal.App.3d 983 [203 Cal.Rptr. 112].) Absent such a contact, the crime has not been committed.

■ The question presented in the present case is whether a grabbing or touching of the victim's intimate parts through his or her clothing, although not sufficient to constitute a sexual battery, may nonetheless be sufficient to constitute the crime of *attempted* sexual battery.

■ An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission. (*People* v. *Dillon* (1983) 34 Cal.3d 441, 452 [194 Cal.Rptr. 390, 668 P.2d 697]; CALJIC No. 6.00 (4th ed. 1979)[2].) ■ Thus, to constitute an attempt to commit a sexual battery the defendant must (1) intend to touch the skin of the victim's intimate parts (*In re Keith, supra,* 156 Cal.App.3d 983); and (2) do a direct but ineffectual act toward its commission. The grabbing or touching of the victim's intimate parts through his or her clothing certainly would support the jury's implied finding of the second element, i.e., a direct but ineffectual act done toward the commission of the sexual battery. The difficulty arises from the proof required for the first element of the criminal attempt, i.e., the specific intent to touch the skin of the victim's intimate parts.

■ The specific intent with which an act is done may be shown by a defendant's statement of his intent and by the circumstances surrounding the commission of the act. (CALJIC Nos. 3.34, 2.02.) Normally, the question whether the circumstances surrounding the act show the required specific intent is for the jury. However, the Legislature has obviously recognized a fact of life—that some sexually assaultive persons get a kick or gratification by touching other persons in the clothed areas of their intimate parts without intending to go farther by touching the skin of the intimate part—absent the victim's consent. It is for this reason that the Legislature has drawn a bright line requiring "physical contact with the skin." (Pen. Code, § 243.4; *In re Keith, supra,* 156 Cal.App.3d 983.) We believe a similar bright line must be drawn in defining the essential requirements for an attempted sexual battery. To do otherwise would permit the jury to convict a person of attempting to sexually assault another person without proof that the aggressor actually intended to touch the victim's skin as required by the statute. A clumsy attempt to seduce could produce a felony conviction contrary to the legislative policy.

---

[2]All CALJIC instructions referred to are from the fourth ·edition (1979) unless otherwise noted.

■ We hold that to constitute an attempted sexual battery, there must be some proof of the defendant's intent to touch the skin of the victim's intimate parts in addition to the mere grabbing or touching of the victim through his or her clothing. This proof may consist of the defendant's statements showing such an intent or evidence that the defendant attempted to remove or push aside the victim's clothing or other possible circumstances from which an intent to touch the victim's skin may rationally be inferred.[3] Absent such a minimum degree or quantum of proof, a verdict of attempted sexual battery would necessarily be based on conjecture as to what the defendant actually intended.

In the present case, appellant only touched Susan V.'s thigh through her clothing for a second. He did not fondle her crotch or groin area nor did he attempt to touch her skin by pushing aside or removing her clothing.

Appellant put his hand on Jeri R.'s breast and grabbed her around the neck in a headlock. He did not fondle her. He let her go when she screamed. He did not try to push aside or remove her clothes.

Erica M. testified that appellant touched her breasts and the front of her body. The contact was just "grabbing," not fondling. She equivocally said that appellant tried to untuck her blouse but then backed down and testified that her blouse was untucked in the struggle. She was wearing a long blouse tucked in under a sweater. She testified at the preliminary hearing and at trial that appellant did not try to take her clothes off.

There is no question but that appellant's assaultive conduct indicated a sexual motive; in each case he touched the area of an intimate part of his victim through her clothing. But in each case appellant failed to actually touch the victim's skin in these areas. Moreover, in none of the cases did appellant make any statement showing his intent to touch the victim's intimate parts nor did he attempt to remove or push aside the victim's clothing. (Two victims testified that he did not try to pull off their clothes. The third victim was not asked.) Appellant is a six foot, five and one-half inch, two hundred fifteen pound male; he could have done anything he wanted.

---

[3]An additional safeguard is provided by the instruction set forth in CALJIC No. 2.02. The jury may not find the defendant guilty unless the proved circumstances are not only consistent with the theory that he had the required specific intent but cannot be reconciled with any other rational conclusion. (CALJIC No. 2.02.)

Finally, we observe that appellant was acquitted of the charges of assault with intent to commit rape involving the same victims. This obviously was because the jury did not believe that appellant intended to rape his victims. This finding casts further doubt on the jury's finding that appellant intended to touch the skin of his victims' intimate parts.

For the reasons stated, we conclude that the evidence does not support the attempted sexual battery verdicts.

II *The evidence is insufficient to support the conviction of assault with force likely to produce great bodily injury.*

The conviction of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)) involves the attack on Jeri R. This specific charge is based on appellant's use of a headlock to hold his victim while he touched her breast. The headlock made her feel "choked" but did not cut off her breathing. She could still scream, and she did get away. The victim did not describe an attempt to choke or strangle her. Jeri R.'s only actual injury was a laceration to her ear lobe caused by her earring being pushed against her ear. She felt that his hold on her was "firm," but did not say that he tightened his grip. He must have let her go when she screamed, because he was much stronger than she.

■ The term "great bodily injury" as used in the felony assault statute means significant or substantial bodily injury or damage; it does not refer to trivial or insignificant injury or marginal harm. (CALJIC No. 9.03 (4th ed. 1984 pocket pt.).) Mr. Witkin notes the salient aspects of this crime: (1) no specific intent is required; (2) no weapon or instrument is required; (3) the victim usually is seriously injured, but this is not a necessary element of the crime. (1 Witkin, Cal. Crimes (1963) § 271, p. 255.) Witkin explains further: "The crime . . ., like other assaults, may be committed without infliction of any physical injury, and even though no blow is actually struck. [Citation.] The issue, therefore, is not whether serious injury was caused, but whether the *force used* was such as would be likely to cause it. [Citation.]

"It would seem, however, that an assault or battery which does not result in any physical injury, and does not come within the scope of any of the other felonious assaults, is hardly likely to support anything more than a simple misdemeanor conviction [citation]. And the cases tend to bear out this assumption, for almost invariably they involve blows and physical injuries. If a deadly weapon is used to inflict them the charge can be assault with a deadly weapon [citation]. But if hands, fists or feet, etc., are the

means employed, the charge will normally be assault with force likely to produce great bodily injury. And the nature and extent of the injuries inflicted will often be the controlling factor in determining that the force used was of that character." (1 Witkin, *op. cit. supra,* § 272, pp. 255-256, italics added.)

In *People* v. *Covino* (1980) 100 Cal.App.3d 660, 666 [161 Cal.Rptr. 155], it was held that choking a victim entailed sufficient force to support a conviction of felony assault; however, the "choking" was done with both hands, with the defendant's thumbs on the victim's larynx. The victim appeared to be gasping and was actually choking, her tongue protruding about an inch, her eyes bulging and her face red. The victim testified that the defendant had tried to kill her. (*Id.,* at pp. 664-665.) In *People* v. *Roberts* (1981) 114 Cal.App.3d 960, 965 [170 Cal.Rptr. 872], a felony assault was upheld where the victim was kicked in the head and torso, causing cuts, bruises, a large welt and unconsciousness.

It is evident from the statutory definition of the crime, i.e., assault *"with force* likely to produce great bodily injury" (italics added), and the cases construing the statute that we look to the force *actually used* by the appellant to determine if it was likely to cause great bodily injury to the victim. We do not consider the force that the appellant *could* have used against the victim. For example, the fact that appellant could have easily broken Jeri R.'s neck or could have choked her to the point of cutting off her breathing by exerting greater pressure on her neck or windpipe will not support the conviction of felony assault. This would involve gross speculation on the part of the jury as to what the appellant would have done if he had not stopped of his own accord or had been stopped by outside forces.

We conclude that a reasonable jury could not find beyond a reasonable doubt that the headlock used on Jeri R. constituted force likely to produce great bodily injury. Appellant only grabbed her momentarily and released her almost immediately. She was in no danger from the force actually exerted on her body. Appellant clearly could have exerted force likely to produce great bodily injury; however, what counts is the force actually exerted, not the threat presented by the defendant's size and strength.

III *The evidence is insufficient to support the burglary convictions.*

The only basis for finding a felonious intent in appellant's mind when he entered Jeri's office and Erica's residence was the specific intent to commit sexual battery. Because the evidence only supports a finding that appellant intended to commit acts amounting to simple assault against these women when he entered the buildings, the burglary convictions must be reversed.

The judgment is reversed insofar as the convictions of attempted sexual battery, assault with force likely to produce great bodily injury, and the burglaries. The judgment is affirmed as to the misdemeanor convictions of simple assault. The matter is remanded to the trial court for resentencing of appellant on the latter crimes.

Woolpert, J., and Ivey, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.