Filed 12/12/14  In re Fernando R. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re FERNANDO R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FERNANDO R.,<br><br>    Defendant and Appellant. | G049046<br><br>(Super. Ct. No. DL048305)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Fernando R., a minor, challenges the juvenile court's finding he committed aggravated assault in violation of Penal Code section 245. While conceding he assaulted the victim, appellant argues there is insufficient evidence he used force that was likely to produce great bodily injury. We disagree and affirm the judgment.

FACTS

Nickolas Vera was relaxing on his front porch when he noticed two men smoking marijuana on the sidewalk in front of his apartment. Because a child's birthday party was occurring nearby, Vera approached the men and asked them to leave. As he was doing so, appellant crossed the street and began to yell and curse at him. Vera told appellant he didn't want any trouble and began walking back to his apartment. Rather than letting things be, appellant ran up to Vera from behind and struck him on the side of his face. Describing the blow at trial, Vera said appellant "got me with his right hand to the right eye." At another point, he said the punch landed "on" his eye. Although Vera was startled by the blow, it did not cause him any physical injury. When he looked up, appellant was making gang signs with his hands and challenging him to fight. Vera departed.

Vera returned to his apartment to get help from his uncle. When they emerged from Vera's apartment, they were confronted by a group of men. The men pulled Vera to the ground and began hitting and kicking him. They did not relent until someone yelled the police were coming, at which point they all fled. Vera was unable to identify appellant as being among the group of men that attacked him. Therefore, appellant's culpability rested solely on the first incident during which he punched Vera.

In sustaining the allegation of aggravated assault, the trial court noted the punch came as a surprise to the defenseless Vera and landed on his eye. Even though there was only one blow and Vera was not injured by it, the court found appellant committed assault by force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).) It also found appellant acted for the benefit of a criminal street gang (Pen.

2

Code, § 186.22, subd. (b)), but it was not convinced he committed street terrorism (Pen. Code, § 186.22, subd. (a)). After declaring appellant a ward of the court, the court placed him on probation on the condition he serve 180 days in a juvenile detention facility.

DISCUSSION

The sole issue on appeal is whether there is substantial evidence appellant assaulted Vera by force likely to cause great bodily injury. We believe there is.[1]

By its terms, Penal Code section 245 makes it a crime to assault a person "by any means of force likely to produce great bodily injury[.]" (*Id.*, § 245, subd. (a)(4).) Great bodily injury means significant or substantial injury to the body and excludes trivial or marginal harm. (*People v. Duke* (1985) 174 Cal.App.3d 296, 302 (*Duke*).) "[T]he nature and extent of the injuries inflicted [is] often . . . the controlling factor" in determining whether the crime was committed. (*Id.* at p. 303.) However, because the statute targets force that is "likely" to cause great bodily injury, actual injury is not required. (*Id.* at p. 302; *People v. Covino* (1980) 100 Cal.App.3d 660, 667.) We must consider all of the circumstances surrounding the act at issue, including not only the presence vel non of physical injury, but the type and amount of force that was used and the manner in which it was administered. (*People v. McIlvain* (1942) 55 Cal.App.2d 322, 331, disapproved on other grounds in *People v. Brown* (1947) 29 Cal.2d 555, 560.)

Relying on *Duke*, *supra*, appellant correctly points out that, in assessing whether he used force that was likely to cause great bodily injury, we look only to the force he *actually* used, not the force he *could* have used. (*Duke, supra*, 174 Cal.App.3d at pp. 302-303.) But he is wrong in likening the facts of his case to the facts in *Duke*.

---

[1] Technically, appellant challenges the trial court's denial of his motion to dismiss for lack of evidence at the close of the prosecution's case-in-chief. (Welf. & Inst. Code, § 701.1.) However, in reviewing that ruling we apply the same deferential standard of review that is used on an appeal from a criminal conviction or adjudication: Reversal is not required unless, viewing the evidence in favor of the judgment, "'it clearly appears that upon no hypothesis whatsoever is there sufficient substantial evidence to support the conclusion reached by the court below.' [Citations.]" (*In re Man J.* (1983) 149 Cal.App.3d 475, 482.)

In *Duke*, the assault in question was apparently committed for sexual gratification. While the victim was inspecting a bank office, the defendant "grabbed [her] around the neck and touched her breasts through her sweater. She screamed, got loose and ran away." (*Duke, supra*, 174 Cal.App.3d at p. 299.) The defendant did not attempt to choke or strangle the victim, the headlock did not cut off her breathing, and the only injury she suffered was a cut on her ear caused by her earring. (*Id*. at p. 302.) Because her injury was slight, the defendant "only grabbed her momentarily," and "[s]he was in no danger from the force [he] actually exerted on her body[,]" the *Duke* court determined there was insufficient evidence to support his conviction for assault likely to cause great bodily injury. (*Id*. at p. 303.)

In contrast to the defendant in *Duke*, appellant was motivated by anger and an apparent desire to teach Vera a lesson for disrespecting his gang. The blow he landed was singular, but it was also quite perilous because Vera didn't see it coming, and it landed "on" his eye. And even though no injuries resulted, it is reasonable to believe that, unlike the victim in *Duke*, Vera was in danger from the actual force employed. In fact, case law is replete with examples in which a blow to the head was deemed to qualify as an assault likely to cause great bodily injury. (See, e.g., *In re Nirran W.* (1989) 207 Cal.App.3d 1157 [single, unexpected blow to the face]; *People v. Roberts* (1981) 114 Cal.App.3d 960, 965 [blow to the forehead near eye, which "might well have produced blindness"]; *People v. Score* (1941) 48 Cal.App.2d 495, 498 [defendant "beat the chest of complainant and struck his face near his eyes with his clenched fists"]; see also *People v. Hahn* (1956) 147 Cal.App.2d 308 [in sustaining conviction for assault by force likely to cause great bodily injury based on the defendant's actions in hitting the victim in the head with an empty beer can, court noted that, although the victim was not seriously injured, life-long nervous disorders have been known to result from superficial head injuries].)

In assessing the sufficiency of the evidence in this case, we need not, and do not, speculate as to what appellant *could* have done to Vera. Rather, we simply look

at what he *actually* did and ask whether a reasonable trier of fact could find it was likely to cause great bodily injury.  While this is not the most egregious case of aggravated assault this court has ever seen, it is hard to deny that the act of sucker-punching someone on or about the eye is extremely dangerous conduct.  And even though Vera was not injured by the blow, we believe the circumstances under which appellant delivered it were conducive to significant or substantial injury.  We therefore find no reason to disturb the trial court's ruling.  Because the ruling enjoys substantial evidentiary support, we must affirm.

## DISPOSITION

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.