Filed 8/25/22  P. v. Tirado CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JULIO M. TIRADO,<br><br>    Defendant and Appellant. | D079572<br><br><br>(Super. Ct. No. SCS318143) |

APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Remanded.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Arlene Sevidal, Randall D. Einhorn and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

A jury convicted Julio M. Tirado of assault on a peace officer by means likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (c); count 1), battery on a peace officer with injury (§ 243, subd. (c)(2); count 2), and driving under the influence of a drug (Veh. Code, § 23152, subd. (f); count 3). After noting several circumstances in aggravation, the trial court sentenced Tirado to the upper term of five years on count 1 and 180 days on count 3 to run consecutive, under former section 1170. It also imposed the upper term of three years on count 2 and stayed the sentence.

On January 1, 2022, while Tirado's appeal was pending, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) went into effect. It amended section 1170 by limiting the trial court's former broad discretion in sentencing. Section 1170 now restricts the trial court's ability to consider certain aggravating factors at sentencing and establishes the middle term as the presumptive sentence. (§ 1170, subds. (b)(1) & (2).)

Tirado raises two issues on appeal. First, he contends that substantial evidence does not support his conviction for assault on a peace officer by means likely to produce great bodily injury. Second, he requests that we remand the matter for resentencing due to the recent changes to section 1170 under Senate Bill 567. We find that substantial evidence supports Tirado's conviction. However, we remand the matter for resentencing in light of Senate Bill 567.

---

[1]    Further section references are to the Penal Code unless otherwise specified.

2

## II

## FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2021, a border patrol agent witnessed Tirado driving northbound against traffic in the emergency lane of the southbound side of Interstate 5. The agent called 9-1-1.

Officer Erik Smith responded to the call. Officer Smith observed a van traveling northbound at a high rate of speed in the number 1 and 2 southbound lanes of Interstate 5. Officer Smith drove north on the northbound lanes, paralleling the van.

Officer Smith verbally commanded Tirado to stop or pull over to the center divider using his patrol vehicle's loudspeaker, but Tirado initially did not slow down. Tirado eventually stopped the vehicle, exited, and ran through lanes of oncoming traffic. Officer Smith instructed Tirado to approach the center divider, and he ultimately complied.

As Tirado approached Officer Smith, Tirado "appeared very scared or terrified of [Officer Smith]." During the interaction with Tirado, Officer Smith witnessed multiple, objective signs of possible drug impairment.

Officer Smith placed Tirado under arrest. Officer Smith placed Tirado in the right rear seat of a cageless patrol vehicle,[2] and another officer, Officer Huoth, sat in the left rear seat next to Tirado. Officer Smith sat in the driver's seat. The officers used a restraining strap to keep Tirado's handcuffs towards the door and utilized a standard seatbelt. The officers did not restrain Tirado's legs.[3]

---

[2] A cageless patrol vehicle contains no partition between the officers in the front of the vehicle and the subjects in the rear of the vehicle.

[3] Officer Smith testified that officers do not utilize leg restraints unless a detainee exhibits "extreme combative behavior."

As Officer Smith drove back to the police station, he experienced "what felt like a kick" to the back of his head. Officer Smith testified that the strike "felt like a bottom of a shoe." Once he felt the strike, he turned around and observed Officer Huoth "pulling [Tirado's] legs down and back to the floorboard."

During this incident, Officer Huoth witnessed Tirado kick diagonally toward the headrest of the driver's seat of the vehicle. He witnessed Tirado's leg or foot connect with part of the seat and saw Officer Smith "lurch[ ] forward . . . quite a bit towards the steering wheel." He saw Tirado kick about three times but did not see Tirado connect with the seat or Officer Smith more than once. Officer Huoth then, "used [his] hands and arms to push down . . . Tirado's legs back toward his seat." Officer Huoth did not see Tirado's feet directly connect with the back of Officer Smith's head. Officer Huoth testified that the entire incident lasted a second or two.

After the incident, Officer Smith continued to drive back to the police station. Officer Smith said the kick "hurt." He continued to have dull head pain until that afternoon. Later, he felt nauseous and vomited several times. He went to the hospital, and a doctor diagnosed him with a mild concussion. The doctor recommended limited duty, but Officer Smith returned to work the next day. Officer Smith did not feel any pain or symptoms the next day or any of the days following the incident.

The People filed an amended information charging Tirado with assault on a peace officer by means likely to produce great bodily injury (§ 245, subd. (c); count 1) with a special allegation that he personally inflicted great bodily injury upon the officer (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)); battery on a peace officer with injury (§ 243, subd. (c)(2); count 2) with a special allegation that he personally inflicted great bodily injury upon the

4

officer (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)); and driving under the influence of a drug (Veh. Code, § 23152, subd. (f); count 3).

Tirado pled not guilty and denied all allegations.

The jury found Tirado guilty on all three counts but found not true the allegations that he personally inflicted great bodily injury in the commission of counts 1 and 2.

The probation report listed the following possible circumstances in aggravation: Tirado's engagement in violent conduct indicated a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)), his prior convictions as an adult continued to be serious (*id.* at rule 4.421(b)(2)), his prior prison terms (*id.* at rule 4.421(b)(3)), and his unsatisfactory past performance on probation/parole (*id.* at rule 4.421(b)(5)).

The court imposed the upper term of five years on count 1. It also imposed the upper term of three years on count 2 to run concurrently, but it stayed the sentence under section 654. Additionally, it imposed a 180-day consecutive term on count 3.

At sentencing, the court said the following:

> "The Court feels it is important that this case is arising in the context of the defendant having prior drug convictions and including some significant custody time. It did not prevent the defendant from seriously endangering many lives in the manner in which he drove in this case, and it is totally fortuitous that this is not a, you know, voluntary manslaughter case or something involving, you know, a tragedy on the freeway.

> "All of that goes to the issue of the seriousness of the defendant's conduct after the freeway danger was over, and his decision to attack an officer and to cause a concussion to occur, not a great bodily injury, but this is not just somebody who, you know, shoved an officer aside as they were trying to run away.

5

"So the Court believes that the assessment of the probation department as to the felony charges is a correct assessment as to the seriousness of the defendant's record and conduct, and that the factors supporting a—an imposition of the upper term outweigh those that would support a mid to—or lower term."

Tirado filed a timely notice of appeal.

## III

## DISCUSSION

### A. *Sufficient Evidence Supports Tirado's Conviction*

Under a substantial evidence standard of review, "[w]e 'review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence–that is, evidence which is reasonable, credible, and of solid value–such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People v. Nelson* (2016) 1 Cal.5th 513, 550, quoting *People v. Johnson* (1980) 26 Cal.3d 557, 578.) "We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence [citation]. If the circumstances reasonably justify the findings made by the trier of fact, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v. Jennings* (2010) 50 Cal.4th 616, 638-639.)

Under section 245, "[a]ny person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace

6

officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years." (*Id*., subd. (c).)

"What force is likely to produce great bodily injury is a question of fact to be determined by the jury." (*People v. Pierre* (1960) 178 Cal.App.2d 585, 590-591.) Additionally, while "the results of an assault are often highly probative of the amount of force used, they cannot be conclusive." (*People v. Muir* (1966) 244 Cal.App.2d 598, 604.) "[I]t is immaterial whether the force actually results in any injury. The focus is on force likely to produce great bodily injury." (*People v. Parrish* (1985) 170 Cal.App.3d 336, 343.) "Great bodily injury is bodily injury which is significant or substantial, not insignificant, trivial, or moderate."[4] (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 748 (*McDaniel*).) Therefore, the prosecution need only prove that a defendant's act was *likely to produce* a great bodily injury.

Here, the jury found Tirado guilty of assault on a peace officer by means likely to produce great bodily injury. He asserts that substantial evidence does not support his assault conviction because he was well restrained, the incident was brief, and the jury found not true the allegation that he personally inflicted great bodily injury.

Officer Huoth witnessed Tirado kick multiple times toward the headrest, observed Tirado's leg or foot connect with part of the seat, and then saw Officer Smith "lurch[] forward . . . quite a bit towards the steering wheel." Meanwhile, Officer Smith experienced "what felt like a kick" to the back of his head while driving. Tirado's kick directed at Officer Smith's head

---

4    The use of hands and feet can be considered force capable of producing great bodily injury under section 245. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028.)

7

causing Officer Smith to "lurch[] forward . . . quite a bit" demonstrates that Tirado's actions were likely to cause injury. Furthermore, Tirado's acts were likely to produce great bodily injury because Officer Smith was in an exposed position facing away from Tirado with no means of protecting himself from the strike. Additionally, Officer Smith "felt like a bottom of a shoe" struck his head, a place on the body that is particularly likely to suffer a "significant or substantial" kind of injury. (*McDaniel, supra*, 159 Cal.App.4th at p. 748.) Thus, focusing on "the force *actually used*" during the assault, as urged by Tirado, we are satisfied that the jury could reasonably determine Tirado's kicking was likely to produce great bodily injury. (*People v. Duke* (1985) 174 Cal.App.3d 296, 303 [finding evidence of a brief headlock insufficient to support a conviction for assault with force likely to produce great bodily injury].)

Furthermore, while it is not required for an assault by means likely to produce great bodily injury to actually result in an injury, an injury occurred here. Indeed, the kick "hurt," and Officer Smith felt dull pain throughout the day of the incident. He felt nauseous, vomited several times, and went to the hospital, where a doctor diagnosed him with a mild concussion. The fact that Tirado was well restrained, the incident was brief, and the jury found not true the special allegation that he actually inflicted great bodily injury does not refute the jury's reasonable conclusion that the kick was *likely* to produce great bodily injury.

Therefore, assuming every fact in support of the judgment, the record demonstrates substantial evidence to support Tirado's assault conviction.

## B. *Senate Bill 567*

Prior to Senate Bill 567, section 1170 gave the trial court wide discretion in weighing aggravating and mitigating circumstances in the

8

imposition of a lower, middle, and upper term sentence. (See § 1170, former subd. (b).) In 2021, the Governor approved Senate Bill 567, which amended section 1170. These amendments limited the trial court's broad discretion in sentencing and introduced a statutory presumption for a middle term sentence. (§ 1170, subds. (b)(1) & (b)(2).) Under the amended version of section 1170, a trial court may only exceed the imposition of a middle term sentence, "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (b)(2).) The statute provides one exception: "[T]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).)

Several appellate courts have recently considered the implications of Senate Bill 567, and the issue has divided California Courts of Appeal. In *People v. Flores* (2022) 75 Cal.App.5th 495, 497 (*Flores*), the court assessed whether, in light of Senate Bill 567, the court must remand for resentencing. There, the court noted several aggravating factors and imposed the upper term for a corporal injury offense under the former version of section 1170. (*Flores*, at p. 499.)

The First District held that remand was unnecessary because any error was harmless: when " 'a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,' the error is harmless." (*Flores, supra*, 75 Cal.App.5th at p. 500, quoting *People v. Sandoval* (2007) 41

9

Cal.4th 825, 839.) The appellate court concluded beyond a reasonable doubt that the jury would have found true at least one aggravating circumstance the trial court noted at sentencing. (*Flores*, at p. 501.)

A panel of this court reached a different conclusion in *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*). There, the trial court sentenced the defendant under its sentencing discretion consistent with the pre-amendment version of section 1170, by imposing an upper term sentence on one count based on several aggravating factors. (*Lopez*, at p. 464.) On appeal, the defendant asked this court to remand for resentencing in light of the changes to section 1170. (*Lopez*, at p. 461.)

On review, we considered the argument in *Flores* but disagreed that a finding by a reviewing court that the jury would have found true beyond a reasonable doubt at least one aggravating circumstance was sufficient to affirm without remand. (*Lopez, supra*, 78 Cal.App.5th at p. 467, fn. 11.) Instead, we explained:

> "[T]he initial relevant question for purposes of determining whether prejudice resulted from failure to apply the new version of the sentencing law is whether the reviewing court can conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *all* of the aggravating factors on which the trial court relied in exercising its discretion to select the upper term. If the answer to this question is 'yes,' then the defendant has not suffered prejudice from the court's reliance on factors not found true by a jury in selecting the upper term. However, if the answer to the question is 'no,' we then consider the second question, which is whether a reviewing court can be certain, to the degree required by *People v. Watson* (1956) 46 Cal.2d 818, 836, that the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating factors,

rather than all of the factors on which it previously relied. If the answer to both of these questions is 'no,' then it is clear that remand to the trial court for resentencing is necessary." (*Ibid.*)

In *Lopez*, because the prosecution did not need to present evidence directly related to the aggravating factors at trial under the former version of section 1170, it was "entirely speculative" to presume "what a jury would have found true in connection with these factors." (*Lopez, supra*, 78 Cal.App.5th at p. 466.) Additionally, we concluded that the record did not clearly indicate "that [the trial court] would have selected an upper term sentence even if only a single aggravating factor or some subset of permissible factors were present." (*Id*. at p. 468.) Therefore, we remanded the matter for resentencing. (*Ibid*.; see *People v. Wandrey* (2022) 80 Cal.App.5th 962, 982-984 [finding remand for resentencing necessary under the reasoning in *Lopez*]; see also *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1113 [Third Dist.] [finding remand for resentencing necessary but concluding that "a reviewing court must always evaluate for *Watson* error before concluding that the trial court's error was harmless"].)

C. *Analysis*

The parties agree that the changes to section 1170 apply retroactively to Tirado under *In re Estrada* (1965) 63 Cal.2d 740. We agree. Accordingly, Tirado is eligible to request resentencing relief.

Consistent with our view in *Lopez*, on the record before us, we cannot conclude beyond a reasonable doubt that the jury would have found true "*all* of the aggravating factors" the court relied on when sentencing Tirado. (*Lopez, supra*, 78 Cal.App.5th at p. 467, fn. 11.) We find it "entirely speculative" to assume that even if the prosecutor presented the aggravating circumstances that the trial court relied in sentencing to the jury that the

11

jury would have found true beyond a reasonable doubt at least one, let alone all, of the aggravating circumstances necessary to find harmless error in this case. (*Id.* at p. 466.)

Additionally, we do not find that "the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating factors, rather than all of the factors on which it previously relied." (*Lopez, supra*, 78 Cal.App.5th at p. 467, fn. 11.) Here, as in *Lopez*, the court identified several aggravating factors in selecting the upper term at sentencing. (See *Id.* at p. 464.) The court orally discussed Tirado's prior convictions (Cal. Rules of Court, rule 4.421(b)(3)), the seriousness of his conduct (*id.* at rule 4.421(b)(1)) and the severity of his record (*id.* at rule 4.421(b)(2)). It also stated that it believed the probation department's assessment, which identified a fourth aggravating factor, Tirado's unsatisfactory past performance on probation/parole (*id.* at rule 4.421(b)(5)), was accurate. Consequently, the record does not clearly indicate that the trial court would have selected the upper term based on a single aggravating factor or subset of aggravating factors discussed at sentencing.

The People, relying on *Flores*, argue that the trial court's reliance on one permissible factor under Senate Bill 567, Tirado's criminal history, makes any error harmless. However, we disagree with the People's argument, as we did in *Lopez*, because although the trial court emphasized Tirado's criminal history at sentencing, it was not the only factor the court discussed. (*Lopez, supra*, 78 Cal.App.5th at pp. 466-468.) Therefore, the record does not sufficiently demonstrate that his criminal history alone was a determinative, sentencing factor.

12

The People separately suggest that should we remand the matter, the district attorney should be "given the election of proceeding under the new version of section 1170, subdivision (b), or accepting resentencing," suggesting the district attorney should have the option of proving facts to support aggravating sentencing factors beyond a reasonable doubt.  Although we remand the matter for resentencing consistent with Senate Bill 567, we express no opinion as to the approach the trial court takes on remand.

## DISPOSITION

We remand the matter.  The superior court shall resentence Tirado in accordance with the amended version of section 1170, subdivision (b).  We further direct the superior court to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                                    HUFFMAN, Acting P. J.

WE CONCUR:



HALLER, J.



O'ROURKE, J.



13