Filed 12/2/22  P. v. Hill CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079590 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD283169) |
| JIMMIE LEE HILL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed and remanded with directions.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Melissa Mandel, Seth M. Friedman and Nora S. Weyl, Deputy Attorneys General for Plaintiff and Respondent.

The People charged Jimmie Lee Hill with robbery (Pen Code,[1] § 211; count 1), assault by means of force likely to produce great bodily injury

---

[1]    Undesignated statutory references are to the Penal Code.

(§ 245, subd. (a)(4); counts 2, 4, 6, 8, 10, 12), and attempted robbery (§§ 211/664; counts 3, 5, 7, 9, 11). They alleged as to counts 1 and 2 that Hill personally inflicted great bodily injury. (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8).)

A jury convicted Hill of counts 1, 2 and 6, and found true the allegations on counts 1 and 2. They also convicted him on the lesser included offense of simple assault (§ 240) as to counts 4, 8, 10, and 12.

The court sentenced Hill to nine years in prison as follows: the upper term of five years on count 1, plus three years for that count's great bodily injury enhancement, plus one year on count 6. It stayed a four-year term on count 2 as well as the three-year enhancement on that count. (§ 654.) The court sentenced Hill to 180 days consecutive local custody on each of the misdemeanor counts 4, 8, 10, and 12.

Hill contends: (1) insufficient evidence showed that he used force likely to produce great bodily injury against one of his victims, A.M.; (2) the court improperly admitted photographs of A.M. under Evidence Code section 352; and (3) this court should remand the matter for resentencing based on the changes to the law caused by Senate Bill No. 567, Assembly Bill No. 124 and Assembly Bill No. 518. We affirm the convictions, but remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

One night, within the span of a few minutes, Hill attacked six women in San Diego. We set forth details regarding only the incidents relevant to this appeal.

A.M. was walking with her friend, M.V., and Hill suddenly punched A.M.'s cheek with his closed fist. When M.V. intervened, Hill alternated between hitting each of them. Hill put A.M. in a headlock, and she thought

2

she might lose oxygen and pass out.  Hill screamed something about his being in the military and not to mess with him.  At some point, Hill asked for the women's purses.  Hill hit A.M. a total of six or seven times on her cheek, lip, and shoulder.  A.M. eventually got away and called 911.

The next day, A.M. had bruises all over her face and arms, and her lip was swollen for several days.  The upper top of A.M.'s head was also sore.  The bruises and pain from the attack lasted one or two weeks.

## DISCUSSION

### I. *Insufficiency of Evidence Claim*

Hill contends there is insufficient evidence that he used force likely to produce great bodily injury on A.M.  He claims he committed "a simple assault."

### A. *Standard of Review and Applicable Law*

We review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  (*People v. Parker* (2022) 13 Cal.5th 1, 29.)  "We consider ' "whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." '  [Citation.]  '[A] reviewing court "presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' "  (*People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 780.)  We do not reweigh the evidence or question witness credibility as long as the witness's testimony is not inherently improbable.  (*People v. Reed* (2018) 4 Cal.5th 989, 1006.)  "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's

3

verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Due to the deference we must give to the trier of fact, an appellant challenging the sufficiency of the evidence " 'bears an enormous burden.' " (*People v. Hunter* (2017) 15 Cal.App.5th 163, 184.)

Section 245, subdivision (a)(4) provides that "[a]ny person who commits an assault upon the person of another by means of force likely to produce great bodily injury shall be punished." "Great bodily injury" means significant or substantial bodily injury or damage. (*People v. Duke* (1985) 174 Cal.App.3d 296, 302.) Section 245 focuses on the injury likely to result from the force that was actually used in the assault, not on injuries that were likely to result from any force that might have been used but was not used. (*In re B.M.* (2018) 6 Cal.5th 541, 548-549; *People v. Aguilar, supra,* 16 Cal.4th at p. 1035; *People v. Drayton* (2019) 42 Cal.App.5th 612, 618; *People v. Duke, supra,* 174 Cal.App.3d at pp. 302-303.) But physical injuries sustained from the assault are "highly probative" of the amount of force used. (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1065.)

We assess "potential harm in light of the evidence" without speculating about what force might have been used or what injuries any unused force might have caused. (*In re B.M.*, *supra,* 6 Cal.5th at pp. 535-538.) "It is enough that the force used is likely to cause serious bodily injury." (*People v. Hopkins* (1978) 78 Cal.App.3d 316, 320.) Hands or fists alone may be used in a manner likely to produce serious bodily injury or great bodily injury (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028), and injury is not an element of the crime. (*People v. Covino* (1980) 100 Cal.App.3d 660, 667.)

B. *Analysis*

Viewed in the light most favorable to the judgment, the evidence showed that Hill intentionally struck A.M. with his closed fist six or seven

4

times in the vulnerable face and head areas, as well as on her shoulder. He also placed her in a headlock, inducing in her the sensation that she "might lose oxygen and pass out." Highly probative of the amount of force Hill used in attacking A.M. is that she continued to experience bruises and pain from her injuries for up to two weeks after Hill's attack. We conclude that a reasonable jury could find beyond a reasonable doubt that the force used on A.M. constituted force likely to produce great bodily injury.

Hill's contrary arguments are unavailing because in different ways he invites us to reweigh the evidence, which we may not do under the above-referenced standard of review. Hill specifically argues he hit A.M. in the same manner as he hit certain other victims. He points out that in the 911 call, A.M. and M.V. stated he had punched them multiple times in the face, without distinguishing the force used against them. Hill argues no photographs of A.M.'s injuries were admitted into evidence, indicating her "injuries were not considered serious;" and her "inconsequential injuries consisting of minor bruises demonstrate the blow was not likely to produce great bodily injury." He adds this was a close case, pointing out that the jury asked for a read back of A.M.'s and M.V.'s testimony and acquitted him of several charges. Hill's arguments do not undermine the evidence from which the jury could reasonably conclude his attack on A.M. in fact caused her to suffer significant injuries and pain for a sustained period of time. " 'The testimony of one witness, if believed, may be sufficient to prove any fact.' " (*People v. Johnson* (2019) 32 Cal.App.5th 26, 57.)

## II. *Evidentiary Error*

Hill contends the court abused its discretion by admitting photographs of a victim, A.A., showing her wearing a neck brace and clutching her chest. He argues the photographs erroneously suggested she had suffered neck and

spinal injuries, and tended to evoke a "highly emotional response of sympathy from the jury."

A. *Background*

At trial, witnesses saw Hill grab A.A.'s cell phone from her hand and punch her to the ground, kick her in the rib area and stomp her head and neck area several times. A.A. was taken away in an ambulance. She suffered a concussion with loss of consciousness, facial trauma, hematoma and contusion, face pain, and facial trauma.

Outside of the jury's presence, defense counsel objected to certain photographs of A.A. on a gurney wearing a neck brace and clutching her chest. Counsel argued they were inflammatory and extremely prejudicial to Hill under Evidence Code section 352. Defense counsel argued the photographs would cause the jurors to believe A.A. had a neck or spinal injury, and evoke the jury's emotional and sympathetic response. He further argued the photographs had no probative value because there was no dispute as to A.A.'s injuries as set forth in her medical records.

Defense counsel expressed his concern the parties lacked time to obtain official copies of A.A.'s medical records and subpoena medical experts to testify regarding certain medical terms contained in those reports. To address that concern, the parties entered into a stipulation regarding the extent of A.A.'s injuries: "On August 30, 2019, [A.A.] was admitted to [a hospital and] diagnosed with a closed head injury, concussion with loss of consciousness, hematoma and contusion, face pain and facial trauma. She did not suffer any fractures, internal lesions, or injuries to her neck, chest, or spine per CT scans and X-rays. A C-collar was maintained in the hospital due to intoxication. [A.A.] was discharged from the hospital within 24 hours and . . . was not provided any prescription medications."

6

The court ruled the prosecution could introduce two of the photographs of A.A. with the neck brace, finding that the probative value outweighed any prejudicial effect.

B. *Applicable Law*

All relevant evidence is admissible, unless specifically excluded by statute. (Evid. Code, § 351.) " 'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) The trial court may exclude relevant, otherwise admissible evidence if it creates a substantial danger of prejudicing, confusing, or misleading the jury, or would consume an undue amount of time. (Evid. Code, § 352.) The "prejudice" in Evidence Code section 352 refers to evidence that " 'uniquely tends to evoke an emotional bias against a party as an individual, while having only slight probative value with regard to the issues.' " (*People v. Scheid* (1997) 16 Cal.4th 1, 19.) Photographs of victims in assault cases may be disturbing, but they need not be excluded unless they are "unduly gory or inflammatory." (*Ibid.*) For example, in a murder case, it may be necessary to exclude photographs that depict "a close-up view of the victims' wounds," a "revolting portraiture displaying horribly contorted facial expressions," badly decomposed bodies, or bodies disfigured during autopsy. (*Id.* at pp. 19, 20.)

We review a trial court's ruling to admit or exclude evidence for abuse of discretion (*People v. Ledesma* (2006) 39 Cal.4th 641, 705), and we will not disturb a trial court's exercise of its discretion under Evidence Code section 352 " 'unless the probative value of the photographs clearly is outweighed by their prejudicial effect.' " (*People v. Scheid, supra,* 16 Cal.4th at p. 18.)

Admission of evidence violates federal due process "only if it makes the trial *fundamentally unfair*." (*People v. Partida* (2005) 37 Cal.4th 428, 439.)

C. *Analysis*

We conclude that under Evidence Code section 352, the court did not abuse its discretion by admitting into evidence the photographs, which were relevant to show the extent of A.A.'s injuries. The photos were not "unduly gory or inflammatory" (*People v. Scheid, supra,* 16 Cal.4th at p. 19); rather, they showed A.A. wearing a protective brace when the medical experts were placing her in the ambulance. The photos reflected the injuries she suffered in the attack. Further, defense counsel's concern regarding whether the photographs exaggerated A.A.'s injuries was mitigated by the parties' stipulation. Considering Hill's previous argument that the People did not present sufficient evidence that A.M.'s injuries were serious because no photographs of them were admitted into evidence, we point out the admission of A.A.'s photographs forestalled a similar argument regarding her injuries.

### III. *Resentencing Claims*

Hill contends we should remand the matter for resentencing because during the pendency of this appeal, Senate Bill No. 567 amended section 1170, now requiring that the upper term not be imposed unless aggravating factors are either admitted by the defendant or proven at trial beyond a reasonable doubt.

The People concede and we agree Senate Bill No. 567 is an ameliorative law that applies retroactively to Hill. It requires imposition of the middle-term sentence unless the trial court cites circumstances in aggravation (other than certified records of the defendant's prior convictions) that are found by a jury or admitted by the defendant. (§ 1170, subd. (b)(3).) However, the People claim remand is unnecessary because in imposing the upper term, the

8

court relied in part on Hill's prior criminal history, which he admitted. We also recognize the court stated at sentencing, "I am aware that this crime involved a great deal of violence, especially in count 1, and the acts expose a high—this was really a crime of extreme viciousness."

As we pointed out in *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*): "When a trial court increases a defendant's sentence by relying on factors that are inapplicable, duplicative, or improperly weighed, a reviewing court assesses the prejudice to the defendant by determining whether it is reasonably probable that a more favorable sentence would have otherwise been imposed absent the trial court's improper reliance on such factors. [Citation.] This is because ' "[d]efendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." [Citation.]' [Citations.] Therefore, where a trial court cannot have acted with ' " 'informed discretion,' " ' 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*Lopez, supra,* at p. 467.)

We cannot be sure the court properly weighed the appropriate factors because from evidence already in the record, it appears Hill might benefit from certain provisions of the amended statute, which now provides that unless the aggravating circumstances outweigh the mitigating circumstances such that the lower term would be contrary to the interests of justice, the court shall order the lower term if defendant "has experienced psychological, physical, or childhood trauma." (§ 1170, subd. (b)(6)(A).)

9

Specifically, two psychologists evaluated Hill's mental state regarding his competency to stand trial. One psychologist stated: "During the forensic interview, [Hill] presented with symptoms of mild cognitive impairment including cognitive slowing, simplistic and concrete thought content, and memory problems. [He] reports a prior history of diagnosis with PTSD and ADHD, which he attributed to head trauma. However, in the absence of any supporting documents, diagnosis is beyond the scope of this evaluation at this time." Another psychologist stated "[Hill] said he ha[d] [a] severe concussion while playing football when he was in the 9th grade."

Defense counsel had neither occasion nor opportunity to develop the record regarding Hill's psychological trauma; therefore, the record does not clearly establish how the court would have balanced the sentencing factors with the limitations imposed under Senate Bill No. 567 and amended section 1170. We conclude resentencing is warranted and remand is not an idle act. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893-896.) We remand the matter to the trial court for resentencing consistent with the current version of section 1170, subdivision (b). (See *Lopez, supra,* 78 Cal.App.5th at p. 468.)

Hill also contends we should remand the matter because he is eligible for resentencing under other recent legislative changes, specifically, Assembly Bill No. 124 and Assembly Bill No. 518. We need not address the issue further. Because we remand the matter for full resentencing, Hill can present his sentence-related arguments to the trial court on remand. (Accord, *People v. Fuller* (2022) 83 Cal.App.5th 394, 403, review granted, Nov. 22, 2022, S276762.) We express no view on how the court should exercise its discretion in resentencing Hill.

10

DISPOSITION

Jimmie Hill's sentence is vacated and the matter is remanded for resentencing in accordance with this opinion. In all other respects, the judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.