Filed 11/13/23  P. v. Mendez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROLANDO MENDEZ,<br><br>    Defendant and Appellant. | G061734<br><br>(Super. Ct. No. 20NF0997)<br><br>O P I N I O N |

Appeal from judgment of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed.

James M. Keho, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Eric A. Swenson and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Rolando Mendez of aggravated assault on a peace officer (Pen. Code, § 245, subd. (c); count 1)[1]; two counts of resisting and deterring an executive officer (§ 69; counts 2 and 3); battery on a peace officer (§ 243, subd. (b); count 4); and resisting and obstructing a peace officer (§ 148, subd. (a)(1); count 5). The court suspended imposition of sentence on all counts, placed defendant on probation for two years, and ordered him to serve 60 days in county jail.

On appeal, defendant contends there was insufficient evidence to support his conviction on count 1 because there was insufficient evidence he used force likely to produce great bodily injury. We disagree and affirm the judgment.

FACTS

In May 2020, defendant called the police because his brother was "acting strangely." When La Habra police officers responded to defendant's home, they observed defendant and his brother fighting on the living room floor. Defendant appeared to be restraining his brother, and a woman who was in the house said the brother might have been under the influence of a narcotic. The officers handcuffed the brother for everyone's safety but told him he was not under arrest.

Officer Justin Bender also instructed defendant to "step back." Defendant responded, "'No, man, I'm good.'" Officer Bender placed his hand with open palm and fingers toward defendant's chest but did not touch him. Defendant slapped the officer's hand away, and the officer "reached up with both of [his] arms in [an] attempt to grab . . . defendant by his arms and shoulders area." Defendant then used a "right closed fist" to "strike [the officer] in the left side of [his] jaw." Officer Bender testified the blow caused him to experience blurred vision and "kind of knocked [him] off balance for a second." After he was punched, Officer Bender maintained a grip on defendant and pushed him

---

[1] All further statutory references are to the Penal Code.

backwards to create distance between them. Defendant continued to resist, and they stumbled down the hallway into a bedroom where they both fell to the ground and defendant wrapped his leg around Officer Bender's arm. Officer Bender ordered defendant to stop resisting, and the other officer rushed into the bedroom to provide assistance. The officers eventually arrested defendant and transported him to jail where he continued to resist and attacked another police officer during the booking process.

At the end of the prosecution's case-in-chief, defense counsel brought a section 1118.1 motion for acquittal on count 1. The court denied the motion and found there was substantial evidence that the jury could use to convict on count 1.


DISCUSSION

Defendant contends there was insufficient evidence that he applied force likely to produce great bodily injury. He accordingly argues there was insufficient evidence to support his conviction on count 1, which violated his due process rights. He likewise claims the court erred by denying his section 1118.1 motion for acquittal. We disagree.

In addressing a claim of insufficient evidence, we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence — evidence that is reasonable, credible and of solid value — such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) "[I]t is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence." (*People v. Maury* (2003) 30 Cal.4th 342, 403.) "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon

3

no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Under section 245, "[a]ny person who commits an assault with a deadly weapon or instrument, other than a firearm, or *by any means likely to produce great bodily injury* upon . . . a peace officer . . . and who knows or reasonably should know that the victim is a peace officer . . . engaged in the performance of his or her duties, when the peace officer . . . is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years." (*Id.* subd. (c), italics added.)

Because section 245 "'prohibits an assault by means of force *likely* to produce great bodily injury,'" the crime charged does not require proof of an injury or physical contact. (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 748.) "[W]hether the force used by the defendant was likely to produce great bodily injury is a question for the trier of fact to decide." (*People v. Sargent* (1999) 19 Cal.4th 1206, 1221.) "Great bodily injury is bodily injury which is significant or substantial, not insignificant, trivial, or moderate." (*McDaniel*, at p. 748.) "[T]he results of an assault are often highly probative of the amount of force used, [but] they cannot be conclusive." (*People v. Muir* (1966) 244 Cal.App.2d 598, 604.)

Here, defendant argues his punch was not likely to produce great bodily injury because Officer Bender did not suffer any significant injuries and the force of impact was "minimal." Defendant notes Officer Bender did not have any bruises or visible injury, and defendant's arms and shoulders were partially restricted when he threw the punch. He also emphasizes he is five feet seven inches tall and weighs 130 pounds while Officer Bender is five feet 10 inches tall and weighs 195 to 200 pounds. Regardless of their difference in size, there was evidence defendant used a closed fist to strike Officer Bender in the left side of his jaw, and Officer Bender experienced blurred vision and was knocked off balance for a second. Officer Bender further testified his jaw

4

was sore for a couple of hours.  Finally, defendant punched Officer Bender when he did not expect it and during an incident where the officers were trying to gain control of defendant's brother.  Given the force of the impact, which caused blurred vision and soreness, and the unexpected circumstances under which the force was applied, the jury could reasonably determine defendant's punch was likely to produce great bodily injury.  (*People v. McDaniel*, *supra*, 159 Cal.App.4th at pp. 748-749 ["Whether a fist used in striking a person would be likely to cause great bodily injury is to be determined by the force of the impact, the manner in which it was used and the circumstances under which the force was applied"].)

Relying on *People v. Duke* (1985) 174 Cal.App.3d 296 (*Duke*), defendant correctly notes the degree to which the victim is injured may be probative of whether the force used was likely to produce great bodily injury.  But the facts in the instant case are distinguishable from the facts in *Duke*.  In *Duke*, the defendant grabbed the victim "around the neck and touched her breasts through her sweater." (*Id.* at p. 299.)  The defendant did not strangle the victim, and the momentary headlock did not cut off her breathing.  (*Id.* at p. 302.)  The victim's only injury was a cut on her ear caused by her earring.  (*Ibid.*)  Because the defendant "grabbed [the victim] momentarily and released her almost immediately," the court held a reasonable jury could not find beyond a reasonable doubt that the headlock constituted force likely to produce great bodily injury. (*Id.* at p. 303.)

In contrast to the attack in *Duke*, the attack in this case involved the use of far greater force.  Defendant struck Officer Bender in the jaw without warning and with such force that his vision was blurred and he was knocked off balance.  While no injuries resulted and this is not the most egregious case of aggravated assault, it is reasonable to believe Officer Bender was in danger from the actual force used.  The question before the jury was not whether serious injury resulted, but whether the force used was likely to cause it.  (*People v. Drayton* (2019) 42 Cal.App.5th 612, 617 ["A person can be guilty of

5

an aggravated assault despite causing no injury so long as his actions made a serious injury *likely*"].)

Defendant's reliance on *In re B.M.* (2018) 6 Cal.5th 528 does not alter our conclusion. In *In re B.M.*, our Supreme Court clarified what it means for an object that is not inherently deadly or dangerous to be used as a deadly weapon in violation of section 245, subdivision (a)(1). (*In re B.M.*, at pp. 532-536.) In that case, the minor used a butter knife to stab at her sister's legs, which were covered by a blanket. (*Id.* at p. 531.) The butter knife did not "pierce" the blanket, and the sister had no injuries. (*Id.* at p. 536.) Our Supreme Court held there was insufficient evidence to support a finding that the minor's use of the butter knife was likely to cause great bodily injury. (*Id.* at p. 539.) In reaching this conclusion, the court noted the extent of injury or lack of injury was a relevant factor. (*Id.* at p. 535.)

While the severity of an injury is probative, it is not dispositive. (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1065-1066.) As discussed *ante*, defendant's unexpected punch caused Officer Bender's vision to become blurry and knocked him off balance. It further caused him to be sore for a few hours. That Officer Bender's injuries were ultimately not more serious does not mean the force exerted was not *likely* to cause great bodily injury. "A solitary punch may violate [section 245]." (*People v. Medellin* (2020) 45 Cal.App.5th 519, 528.) Assuming every fact in favor of the judgment, the record demonstrates substantial evidence to support defendant's conviction on count 1. For the same reasons, the court did not err by denying defendant's section 1118.1 motion. (*People v. Stevens* (2007) 41 Cal.4th 182, 200 ["'The standard applied by a trial court in ruling upon a . . . section 1118.1 [motion] is the same as the standard applied by an appellate court in reviewing the sufficiency of the evidence to support a conviction, that is, "whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged"'"].)

6

DISPOSITION

The judgment is affirmed.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.